UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KEVON ROBINSON**            **CASE NO.  2:20-CV-01042**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**HUNTER CLOUD ET AL**            **MAGISTRATE JUDGE KAY**

### MEMORANDUM ORDER

Before the Court is a "Motion to Stay Proceedings" (Doc. 19) filed by Defendants Zachary Lacaze, Shelten Manuel and the State of Louisiana, through the Louisiana Department of Public Safety and Corrections  ("DOC") (collectively referred to a "Defendants") who move to stay these proceedings pending the adjudication of Plaintiff, Kevon Robinson's criminal charge in  *State of Louisiana v. Kevon Robinson,*  Docket No. 2020-1186 in the 33rd Judicial District Court, Allen Parish, State of Louisiana.

The instant lawsuit involves an incident that occurred on September 5, 2019, at the Allen Correction Center ("ACC"). Plaintiff Kevon Robinson alleges that Defendants Hunter Cloud, Zachary Lacaze, Matthew Lovejoy, and Shelton Manuel, violated his 8th Amendment right to be free from the use of corporal punishment, unnecessary and/or excessive force.

Defendants inform the Court that by means of a Bill of Information filed on September 17, 2020, Robinson was charged by the Allen Parish District Attorney's office with one (1) count of battery of a correctional employee in violation of Louisiana Revised

Statute Ann. § 14:34.5 for the incident that occurred on September 5, 2019 at ACC.[1] Specifically, the Bill of Information alleges that Robinson committed a battery upon a correctional facility employee, Hunter Cloud, without his consent when Plaintiff had reasonable grounds to believe Mr. Cloud was a correctional facility employee acting in the performance of his duty. Defendants assert that because there is a felony charge currently lodged against Robinson stemming from the very same incident that underlies his instant claim of excessive force under the Eighth Amendment, this Court should exercise its inherent discretion to manage its docket and stay these proceedings pending an adjudication in the aforementioned criminal matter. Defendants further inform the Court that a jury trial as to Robinson' criminal charge is set for March 8, 2021.

## LAW AND ANALYSIS

Defendants contend these civil proceedings should be stayed until the pending charge against Robinson is adjudicated. Robinson, though his counsel, contends that the mover/defendants, Shelten Manuel, and Zachary Lacaze, former correctional officers, and the State of Louisiana through the DOC have failed to support a finding by this Court that an alleged criminal proceeding has been instituted against Robinson arising out of the same facts set forth by Robinson in this civil rights case.

Robinson contends that *Heck v Humphrey,* 512 U.S. 477, 489, 114 S.Ct. 2364, 2378-79 (1994) applies to an inmate's § 1983 action with 4th Amendment analysis where there are parallel criminal proceedings. In *Heck,* the Supreme Court held that even if a prisoner

---

[1] Defendants exhibit I.

has fully exhausted available state remedies, he has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

Defendants cite *Alcala, et al v. Texas Webb County, et al,* 625 F.Supp.2d 391, 413 (S.D.Tex. 2009), citing *Securities Exchange Commission v. First Financial Group of Texas, Inc., et al,* 659 F.2d 660, 666-67 (5th Cir. 1981) (citing *United States v. Kordel, et al.,* 397 U.S. 1, 11, 90 S.Ct. 763 (1970)) and suggest that the Court analyze the Motion to Stay pursuant to the six (6) factors identified therein when issues in a criminal case overlap with those presented in a civil suit. Defendants maintain there is an overlap between the allegations contained in the Petition for Damages[2] and the Bill of Information.

Whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather one of court discretion, that should be exercised when the interests of justice so require. *United States v. Kordel*, 397 U.S. at 11. A district court's discretionary authority to stay proceedings stems from its inherent authority to control the disposition of the cases on its own docket "with economy of time and effort of itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 57 S.Ct. 163 (1936).

In determining whether "special circumstances" warrant a stay, a court must measure the relative weights of competing constitutional and procedural interests. See *First Financial*, 659 F.2d at 668. In balancing those interests, the Fifth Circuit has applied the

---

[2] Doc. 9-1.

six (6) factors articulated in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* , 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995) which are as follows: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. See e.g., *St. Martin v. Jones,* 2008 WL 4534398, at *1 (E.D. La. 2008); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.,* 571 F.Supp2d 758, 762 (W.D.Tex. 2008); *Agueros v. Vargas,* 2008 WL 2937972, at *1 (W.D. Tex. 2008).

Robinson argues that Manuel, Lacaze and the DOC do not have standing to bring the instant motion because they have not shown that a battery charge involves them. Additionally, Robinson argues that the evidence submitted by Manuel, Lacaze or the DOC does not establish that the Bill of Information arises out of the same event that occurred in this matter on September 5, 2019.

Robinson argues that there is no evidence of a pending criminal proceeding against him alleging a battery on Lacaze or Manuel, the movants, and that the criminal indictment alleging an attack by Robinson on Cloud has not been shown to be the same event or to overlap any allegations made against movants Lacaze and Manuel of the DOC.

Defendants point out that discovery (such as Robinson's deposition) in this civil case will be potentially hindered while Robinson's criminal case is pending because he has a constitutional right not to incriminate himself. Defendants suggest that a delay would not

lead to the loss of evidence or frustrate their ability to effectively prosecute this suit's defense, noting that statements have already been taken and the incident was partially videotaped which has been provided to Robinson's counsel.

Defendants also assert that their private interests and the burden upon them support a stay of these proceedings. Defendants assert that this Court has a vested interest in staying the proceeding pending adjudication of the criminal charge against Robinson noting that a stay would not be of an indefinite duration considering the March 8, 2021 trial date and Robinson's rights under the Speedy Trial Act. Finally, as to the public's interest Defendants suggest that resolution of this civil suit in a timely manner will not be compromised by a stay pending adjudication of Plaintiff's criminal case.

The Court has reviewed the Bill of Information and the Petition for Damages and finds that it does involve the same event that occurred on September 5, 2019 that is the subject of this lawsuit. Even though Cloud, who was allegedly battered in the Bill of Information, is not the movant herein, the other Defendants are inextricably intertwined in this lawsuit and will be witnesses to the criminal lawsuit. As for Robinson's private interests in proceeding expeditiously, the Court finds the prejudice due to a delay to Robinson is minimal considering that the criminal jury trial is currently set for March 8, 2021, and he is currently and will continue to be incarcerated until approximately 2040. The instant lawsuit was filed in state court in July 2020 and later removed to this Court. Thus, this case is in its infancy and therefore any delay will be minimal. Accordingly,

**IT IS ORDERED** that the motion to stay is hereby **GRANTED**; Defense counsel shall file a motion to lift the stay as soon as the criminal case against Robinson has been adjudicated at the trial level.

**THUS DONE AND SIGNED** in Chambers on this 19th day of November, 2020.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE