UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KEVON ROBINSON** | **CASE NO. 2:20-CV-01042** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HUNTER CLOUD ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 68) filed by Defendants, Sgt. Hunter Cloud, Sgt. Zachary LaCaze, Sgt. Matthew Lovejoy, Major Selten Manuel, and the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, who move the Court to grant summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, dismissing with prejudice, Plaintiff's claims brought under 42 U.S.C. § 1983 and under state law.

### FACTUAL STATEMENT

During the relevant time period, Plaintiff, Kevon Robinson, was incarcerated at Allen Correctional Center by the Louisiana Department of Corrections. Plaintiff alleges that on September 5, 2019, inmates were being escorted to their cells (cell 12) on Mars C1 Tier by correctional officers, Lovejoy and Cloud.[1] In the process of cell 12 being opened, cell 13 was opened. Plaintiff was inside of cell 13. Plaintiff called for cell 13 to be closed. It is disputed as to whether Plaintiff stepped out of his cell, and/or he looked out of his cell and called for cell 13 to be closed. It is also disputed as to the statement Plaintiff may or

---

[1] Defendant's exhibit 1, ¶ 9.

may not have made regarding closing cell 13. The rest of the story that resulted in an altercation between Plaintiff and the correctional officers allegedly causing Plaintiff physical injury is highly disputed.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Defendants argue that they are entitled to qualified immunity, that they used reasonable force, and that Plaintiff's injuries are *de minimis*, and that Plaintiff's failure to protect claim must fail because Plaintiff cannot prove deliberate indifference. Regarding Plaintiff's state law claims, Defendant argue that because the standard for Louisiana's state law claims are the same as constitutional claims, Plaintiff's excessive force claim fails, and Plaintiff's malicious prosecution claim is moot.

*Qualified immunity*

"A qualified immunity defense serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law. *Drew v. Town of Church Point*, 2018 WL 1973247 (W.D. La. 2018) (quoting *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). Qualified immunity is an "expression of policy designed to aid in the effective functioning of government" and recognizes that an officer acting reasonably may make a mistake and as a result acknowledges that "it is better to risk some error than not decide at all." *Sheuer v. Rhoades*, 416 U.S. 232, 94 S.Ct. 1683 (1959). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" (quoting *Malley v. Briggs*, 475 U.S. 335, 341 106 S.Ct. 1092 (1986).

The doctrine of qualified immunity attempts to balance two competing societal interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). These interests combine to create an affirmative defense that shields public officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

A two-fold inquiry is utilized to determine whether qualified immunity is applicable: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the officer's conduct was objectively reasonable. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998).

With respect to the first factor, a constitutional right "is clearly established if, in light of pre-existing law, the unlawfulness is apparent." *Id*. Even if the government officials' conduct violated a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. *Hernandez Ex. Rel. Hernandez v. Texas of Protective and Regulatory Services*, 380 F.3d 872, 879 (5th Cir. 2004). Thus, the doctrine "shields an officer from suit when they make a decision that, even if constitutionally deficient, protects the officer from the hazy border between excessive and acceptable force." *Brousseau v. Haugen*, 543 U.S. 194, 197, 125 S.Ct. 596, 599 (2004), citing *Saucier v. Katy*, 533 U.S. 194, 206, 121 S.Ct. 2151.

In *Mangieri*, *supra*, the Fifth Circuit held that the objective reasonableness prong of qualified immunity analysis is a question of law properly addressed by the trial court in the context of summary relief, not the jury, stating that "a district court errs in 'holding that the objective reasonableness' prong of the qualified immunity standard is generally a factual question for the jury. See *Mangieri*, 29 F.3d at 1015-1016.

A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it from the defendant-movant to the plaintiff-non-movant to show that the defense is not available. *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (quoting *Trant v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015)). Though the plaintiff bears the burden of negating the availability of qualified immunity, all inferences are still drawn in the plaintiff's favor. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

*Excessive force*

Defendants argue that they used reasonable force to maintain order and discipline, to prevent escape, and that there was no deliberate indifference on their part.

Prison officials "may not ... use excessive physical force against prisoners" and must "take reasonable measures to guarantee the safety of the inmate." *Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). For an inmate to prevail on an Eighth Amendment claim, he is required to show both that (1) the alleged deprivation was objectively sufficiently serious in nature, and (2) the officials subjectively acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Force is excessive and violates the Eighth Amendment if applied maliciously and

sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S.1, 112 S.Ct. 995 (1992).

Defendants assert that they physically restrained Plaintiff after he had left his cell and refused an order to return to his cell. Defendants assert that Plaintiff threatened them with harm and then struck Sgt. Cloud on the face. Defendants remark that Plaintiff had a history of violent and defiant behaviors and had expressed homicidal ideation. Thus, Defendants argue that Plaintiff posed a threat to the safety and order of the institution when he attempted to leave his cell, refused direct orders, threatened Defendants, and physically harmed one of the Defendants. Defendants contend that Plaintiff was making an attempted escape.

To the contrary, Plaintiff aggressively disputes Defendant's rendition of the events that occurred.  Plaintiff refers the Court to the video, and video pictures, which Plaintiff contends tells the real story.  Plaintiff asserts that he never left his cell, but only poked his head out of the cell, along with one foot, but never left his cell. Plaintiff also asserts that Cloud entered Plaintiff's cell, while Lovejoy deserted inmate Derrick Leonard, leaving him alone on the Tier in front of cell 12, then Lovejoy followed Cloud directly into cell 13— Plaintiff's cell. LaCaze walks around inmate Derrick Leonard and followed Lovejoy directly into Plaintiff's cell.

Then, cell 12 opens and while Cloud, LaCaze and Lovejoy assault Plaintiff in his cell, inmate Steven Oliver, Leonard's cellmate in cell 12 walked through the open door onto the Tier. Shortly thereafter, Selten Manuel runs in front of cell 6 toward cell 13. Trailing behind is Officer Jackson.

As to the alleged verbal threats, Plaintiff asserts that he was out of his cell for about one second and only stated to "Close cell 13."[2] Plaintiff argues that he made no verbal threat toward Defendants.

Next, Plaintiff asserts that he did not attack Cloud, but that Cloud attacked him, further noting that all criminal charges were dismissed. Plaintiff contends there are numerous irregularities in statements made by Defendants, suggesting that their sworn affidavits are deceitful. Plaintiff encourages the Court to watch the video that Defendants have submitted as summary judgment evidence and take notice of the irregularities in Defendants' affidavits and the video of the incident. Plaintiff argues that there is a genuine issue of material fact as to whether or not Plaintiff actually attacked Cloud, whether he was attempting an escape, and whether he refused a direct order.

*De minimis injuries*

The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson*, *supra*. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. *Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993). However, the extent of an injury may also be an indication of the amount of force applied. *Wilkins v. Giddy*, 559 U.S. 34, 37-38,

---

[2] Plaintiff's exhibit 1, Robinson Declaration; Plaintiff's exhibit 2, Derrick Leonard Declaration; Plaintiff's exhibit 3, Oliver Declaration.

130 S.Ct. 1175, 1178 (2010) (citing *Hudson, supra*) (quoting *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078 (1986)).

Generally, "scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc." do not pass the *de minimis* threshold. *Outley v. Batiste*, 2020 WL 6789326, at *3 (M.D. La. Nov. 18, 2020), quoting *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D. Tex. Sept. 11, 1997).

Defendants argue that Plaintiff did not sustain more than *de minimis* injuries. After the incident, a medical exam showed that Plaintiff sustained "redness" to the inside of his lower lip, and despite claims of back pain, all medical assessments of his back and an x-ray of his lumbar spine were within normal limits.[3] Additionally, Defendants suggest that Plaintiff's complaints of back pain predated the incident and are not supported by objective evidence. Defendants argue that Plaintiff's alleged injuries do not rise to the level of being constitutionally actionable.

Plaintiff argues that Defendants have improperly discounted Plaintiff's claim by failing to consider whether Plaintiff's constitutional rights were violated, and if so, the jury may still award both nominal and punitive damages. In *Hudson v. McMillian*, the Supreme Court ruled that "the core judicial inquiry in an excessive force case is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. 1, 7, 112 S.Ct. 995 (1993). "Nominal damages . . . are the appropriate means of

---

[3] Defendant's exhibit 5.

'vindicating' rights whose deprivation has not caused actual, provable injury." *Memphis Community Sch. Dist. v.* Stachura, 477 U.S. 299, 308 n.11, 106 S.Ct. 2537 (1986). Thus, Plaintiff argues that if the jury finds Defendants violated Plaintiff's constitutional rights, but he had not suffered any actual injuries, the jury may still award both nominal and punitive damages.

*Failure to intervene*

Plaintiff also brings a claim for failure to intervene. Plaintiff asserts that LaCaze and Lovejoy followed Cloud into Plaintiff's cell, and instead of stopping him, they joined him. Defendant agues that these Defendants used only the amount of force necessary to bring Plaintiff into compliance and to maintain order after Plaintiff struck an officer. Specifically, as to Manuel, Defendants assert that he did not know about the subject incident until shortly afterward.

In *Hale v. Townley*, the court held that "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." 45 F.3d 919 (5th Cir. 1995).

*State law battery, excessive force, and malicious prosecution*

Tort law liability in Louisiana is based on Louisiana Civil Code article 2315. A battery is defined as an intentional offensive conduct with another person without that person's consent. *Caudle v. Betts*, 512 so.2d 389, 391 (La. 1987). In a civil battery case, Plaintiff bears the burden of proof. *Frazer v St. Tammany Parish School Board*, 774 So.2d 1227, 1234 (La. App. 1 Cir. 12/22/00), *writ denied*, 787 So.2d 1001 (La. 3/23/01).

While respondeat superior does not apply to § 1983 claims, it does attach to the torts of an employer's officers. *Penn v. St. Tammany Parish Sheriff's Office*, 843 So.2d 1157, 1161 (La.App. 1 Cir. 4//02/03).

Generally, battery claims fall under the duty/risk analysis for negligence claims. *Stroik v. Ponseti*, 699 So.2d 1072 (La.9/9/97). Under that standard, the plaintiff must prove "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) [the] defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the defendant; [and] (4) the risk of harm was within the scope of protection afforded by the duty breached." *Id*. at 1077. In determining whether there was a breach of duty, the court should apply the factors enumerated in *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977).

Plaintiff asserts that Cloud, LaCaze, and Lovejoy entered the inmate's cell for no penological purpose. Plaintiff argues that these Defendants can present no argument or evidence as to why they needed to extract Plaintiff from his cell by force or otherwise. Plaintiff notes that Defendants have falsely suggested that Plaintiff exited his cell and refused to go back in his cell. Plaintiff also relies on the Disciplinary Rules for Adult Offenders,[4] the Use of Force rules,[5] and the Employee Manual.[6] The Department Regulations No. OP-A-16, "Use of Force" expressly states that uses of force that are

---

[4] Plaintiff's exhibit 4.
[5] Plaintiff's exhibit 5.
[6] Plaintiff's exhibit 21, Rule 3, pp. 39-40.

considered abuse include corporal punishment,[7] unnecessary force,[8] and excessive force.[9][10]

"The use of force by law enforcement officers is thus scrutinized by considering the "reasonable force" standard established by Louisiana Code of Criminal Procedure art. 220. Factors in determining whether the force exerted was reasonable under the circumstances entail: the known character of the arrestee; the risks and dangers faced by the officer; the nature of the offense or behavior involved; the chance of escape if the particular means are not employed; the existence of alternative methods of arrest or subduing the arrestee; the physical strength, size and weaponry of the officers as compared to that of the arrestee; and the exigencies of the moment. See *Kyle v. City of New Orleans*, 353 So.2d 969, 973 (La.1977). Excessive force transforms ordinarily protected use of force into an actionable battery, rendering the defendant officer and his employer liable for damages. *Ross v. Sheriff of Lafourche Parish*, 479 So.2d 506, 511 (La.App. 1st Cir. 1985).

Plaintiff argues that because Sgt. Cloud, Lovejoy, LaCaze and Manuel were employees of the States of Louisiana, the Department of Corrections is answerable for the battery and assault under a theory of vicarious liability. Again, Defendants argue that they used reasonable force to prevent an escape, and because they felt threatened.

As to Plaintiff's malicious prosecution claims, Defendants contend that this claim is moot because the indictment in the criminal case against Plaintiff was dismissed. A claim

---

[7] The inflicting of physical pain on an offender for punishment is absolutely forbidden.
[8] Force that cannot reasonably be justified by the facts of the situation is absolutely forbidden.
[9] Force beyond that which is reasonable and apparently necessary to control a situation where some force is needed is absolutely forbidden.
[10] Plaintiff's exhibit 21.

for malicious prosecution requires a plaintiff to establish six elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (1) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damages conforming to legal standards resulting to plaintiff. *Phillips v. L. Brands Serv. Co., L.L.C.*, 82 F.4th 291, 302 (5th Cir. 2023) (quoting *Lemoine v. Wolfe*, 168 So.3d 362, 367 (La. 2015)).

Here, Plaintiff has not presented any summary judgment evidence to create a genuine issue of material fact for trial as to his malicious prosecution claim. Defendants rely on its dismissal of the criminal indictment, which suggests that the prosecution of Plaintiff was without malice. As such, the Court will dismiss this claim.

## **CONCLUSION**

The Court has reviewed the video tape of the incident, without audio, and finds that there is a genuine issue of material fact for trial as to whether excessive force was used to maintain order and/or prevent an escape, failure to intervene claim, as well as Plaintiff's tort claim of battery. Where an officer's qualified immunity depends on the resolution of genuine factual disputes, summary judgment is improper. *Washington v. Thomas*, 2023 WL 4704142, at *1 (5th Cir. July 24, 2023). The video reflects that Plaintiff may have taken one step for one second outside of his cell; it does not show that he was attempting an escape or that he completely walked out of his cell. The video does not show what occurred inside of the cell, nor is there audio for the Court to determine if Sgt. Cloud ordered Plaintiff back into his cell. However, taking that as true, the video reflects that

Plaintiff immediately complied—within one second. As such, Plaintiff has submitted summary judgment evidence that creates a genuine issue of material fact for trial as to whether Defendants engaged in conduct that violated a clearly established law prohibiting excessive force. The Court will grant Defendant's Motion for Summary Judgment to dismiss Plaintiff's state law malicious prosecution claim and deny Defendant's Motion for Summary Judgment as to the remaining claims.

    **THUS DONE AND SIGNED** in Chambers on this 18th day of April, 2024.

                              **JAMES D. CAIN, JR.**
                        **UNITED STATES DISTRICT JUDGE**